# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MADELINE J. CAMPANELLI,**

        **Plaintiff,**

-vs-                                        Case No. 6:11-cv-699-Orl-31DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, it is respectfully **RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED**.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff filed for a period of disability, and disability insurance benefits on February 4, 2008. R. 90. She alleged an onset of disability on March 25, 2005, due to chronic pulmonary insufficiency (COPD), pain in back, neck, shoulders, hands/fingers, ankles, feet, and hips, hernia, migraine headaches, and sleep apnea. R. 40, 42, 127, 139, 152. Her application was denied initially and upon

reconsideration. R. 45-47, 53-54. Plaintiff requested a hearing, which was held on December 14, 2009, before Administrative Law Judge Pamela Houston (hereinafter referred to as "ALJ"). R. 21-39. In a decision dated February 5, 2010, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 6-16. Plaintiff timely filed a Request for Review of the ALJ's decision which the Appeals Council denied request on February 23, 2001. R. 1-5. Plaintiff filed this action for judicial review on April 27, 2011. Doc. 1.

**B.    Medical History and Findings Summary**

Plaintiff was born on December 9, 1950; she completed high school and has past work as a school monitor and a sales clerk. R. 15, 90, 128, 134, 142. Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of chronic pulmonary insufficiency (COPD), pain in back, neck, shoulders, hands/fingers, ankles, feet, and hips, hernia, migraine headaches, and sleep apnea. R. 40, 42, 127, 139, 152. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from hip replacement, back pain, arthritis in shoulders and hands, migraines, sleep apnea, obesity and COPD, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 11.

The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work. R. 11. In making this determination, the ALJ found that Plaintiff's allegations regarding her impairments to be not fully credible regarding her symptoms and limitations on their effect on her ability to function or sustain work activity. R. 12. Based upon Plaintiff's RFC, and on the testimony of the vocational expert ("VE"), the ALJ determined that she could perform past relevant work as a sales clerk. R. 15. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 15.

Plaintiff now asserts four points of error. First, she argues that the ALJ erred by failing to apply the correct legal standards to her hand/wrist impairments. Second, she argues the ALJ erred by failing to include all of her impairments in her RFC or hypothetical question to the VE. Third, Plaintiff contends the ALJ and the Appeals Council erred by applying the incorrect legal standard to her medication side effects. Fourth, she asserts that the ALJ erred by improperly applying the pain standard. Plaintiff also argues that the record is fully developed and Plaintiff's case should be remanded for an award of benefits. For the reasons that follow, it is respectfully **RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED**.

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. § § 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

## III. ISSUES AND ANALYSIS

### A. Plaintiff's impairments

Plaintiff argues that the ALJ failed to properly consider her hand and shoulder impairments and allegations of pain due to these impairments. The Commissioner argues that the ALJ is not obligated to adopt functional limitations not established by the record.

At Step 2 of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. It allows only claims based on the most trivial impairments to be rejected. In this Circuit, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work

experience. A claimant need show only that her impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

The ALJ found that Plaintiff had hand arthritis in her shoulders and hands which were severe impairments, but did not meet or equal a listing. R. 11. Plaintiff cites her testimony that she has hand pain when picking things up, cannot write or hold a phone, cannot hold a steering wheel for very long, cannot hold a pen, has weak hands, drops things, and gets short haircuts so she does not have to use her hands to do her hair. R. 26-35, 127, 158. Plaintiff argues that her severe hand impairments support a finding of disability because the VE testified that a claimant who could not lift ten pounds would be unable to perform any jobs. R. 38. The ALJ determined that Plaintiff could perform her past relevant work as a sales clerk based on her residual functional capacity assessment (RFC) and on the VE's response to a hypothetical that included lifting at the light level. R. 15.

The medical records reflect – well before the date of last insured of December 31, 2006 (R. 11) – that Plaintiff had sought regular treatment for hand and shoulder problems. At the initial office visit with Dr. Brodrick on February 25, 2004, Plaintiff complained of hand pain and numbness and "a lot of pain" in her left shoulder. Plaintiff identified the first metacarpal of the right thumb as the site of the pain. R. 362. Dr. Brodrick diagnosed Plaintiff with rotator cuff syndrome left shoulder. R. 364. On September 10, 2004, Dr. Brodrick diagnosed Plaintiff with carpal tunnel syndrome on the right side; he injected the left shoulder and had Plaintiff use a wrist forearm splint. R. 365-66. When Plaintiff returned two weeks later, on September 24, 2004, Dr. Brodrick noted that she actually had carpal tunnel symptomatology on both sides, right (her dominant hand) worse than left. R. 366.

Plaintiff saw Dr. Brodrick in early 2005 complaining severe pain from the back of the neck to the shoulder and down the left upper arm; she also experienced numbness extending to the top of the left hand. R. 369-70[1]. The MRI ordered by Dr. Brodrick showed arthritis and muscle atrophy in

---

[1]Although the month was cutoff from the date on several pages when they were copied, placement of these records indicated they are from the period between February and May 2005. R. 369-70.

the left shoulder. R. 370. R. 370. Dr. Brodrick opined that Plaintiff's radiculopathy might be more of a problem than the issues left shoulder and he ordered an EMG of Plaintiff's neck and left upper limb. R. 370.

By May 2005, Plaintiff continued to report pain in her hands when she twisted and turned, and the results of the electrodiagnostic study confirmed denervation[2] of the cervical spine area (at C5-6) on the left side. R. 371. There was also evidence of neuropathy, carpal tunnel syndrome, and arthritic changes in the left wrist. R. 318, 320, 371. Plaintiff's treatment was put "on hold," she was prescribed Lortab, and told to return on an as needed basis for treatment. R. 371. The objective medical evidence, including x-rays and an EMG study, supports Dr. Brodrick's diagnosis of Plaintiff's hand/wrist pain as bilateral carpal tunnel syndrome and radiculopathy from the cervical spine to her left shoulder and upper arm, as well as degenerative arthritis and neuropathy in the left wrist. R. 371. The ALJ's failure to even discuss these treatment records, much less credit this objective evidence, was error and, as such, the ALJ's decision was not based on substantial evidence.

The Commissioner does not discuss any of the particular evidence from Dr. Brodrick in 2004 to 2005 cited above, but instead argues that records from February 2007 note that Plaintiff had "normal strength in her arms and legs, with no loss of function in her joints or extremities. Plaintiff had no gross deformities of the hands, and no impairment in her range of motion in her spine." R. 218. This citation is inapposite in that carpal tunnel syndrome would not appear as a noticeable or gross deformity, which is why it took Dr. Brodrick several months to diagnose it and only after he had the results of the EMG study. The Commissioner also argues that light work under the SSA regulations includes limitations on lifting and carrying which are inherent in the definition of light work. However, the VE testified that a claimant who could not lift ten pounds would be unable to perform *any* jobs. R. 38.

---

[2]Loss of nerve supply. STEDMAN'S MEDICAL DICTIONARY (28th ed. 2006).

Plaintiff also argues that the ALJ's RFC determination and hypothetical question were incomplete because the ALJ did not include other severe impairments in the RFC or in the hypothetical to the VE that Plaintiff had (in addition to her hands) in her shoulders, neck, with her balance, and with medication side effects. The Commissioner argues that the ALJ properly considered all of Plaintiff's impairments in evaluating her claim and assessing her RFC and it was sufficient that the ALJ found that Plaintiff did not have an "impairment or combination of impairments" that met or equaled a listed impairment. R. 11.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having severe hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled. *Id.*, 985 F.2d at 534. Plaintiff argues that the ALJ failed to include all of her impairments in her RFC or hypothetical question to the VE.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d). Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical

employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Plaintiff also challenges the ALJ's finding that she was not entirely credible as to her pain testimony. Because pain is a non-exertional impairment, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995), the ALJ must consider all of a claimant's statements about her symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence[3]. 20 C.F.R. § 404.1528. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).

As explained above, the Court has already determined that the ALJ's failure to consider the evidence of Plaintiff's hand impairments from Dr. Brodrick in 2004 to 2005 was error and the ALJ's decision was not based on substantial evidence on that basis. On remand, the ALJ will also consider the evidence in the same records (which the ALJ failed to discuss) dated before the DLI that noted limitations and pain in Plaintiff's shoulder and neck (R. 363-73) in conjunction with her testimony about the extent of pain from these impairments. The ALJ will also consider Plaintiff's allegations concerning her foot pain, hip problems, resulting balance issues, leg/knee impairments, chronic pain, and side effects of medications, and whether these impairments existed before the DLI. The ALJ will include the impairments in the hypothetical to the VE, as appropriate. If the ALJ finds Plaintiff's

---

[3]The Eleventh Circuit utilizes a three-part "pain standard" to determine whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged. The pain standard requires: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

testimony to be less than credible, the ALJ will state the reasons succinctly in the decision with particular attention to Dr. Brodrick's notes (R. 362-73) recorded before the DLI.

### B. Remand for a new hearing

Plaintiff argues her case should be remanded for an award of benefits because she is more than 60 years old and she has impairments in her hands, feet, hip, back, neck, head, heart and lungs; takes narcotic pain medications, uses a cane, falls frequently, and cannot obtain treatment due to financial issues. Doc. 12 at 21.

Plaintiff argues that remand for benefits is warranted "where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Here, the ALJ did not consider the essential evidence, *i.e.*, Dr. Brodrick's records from the relevant time period and the case must be remanded for the ALJ to consider and discuss these properly in her decision. However, Plaintiff has raised her unique circumstances, and the Court should require the ALJ to set the new hearing in Plaintiff's case within 120 days and issue a decision within 180 days of any order adopting this Report and Recommendation to accommodate Plaintiff's concerns.

## IV. CONCLUSION

It is respectfully **RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), and the Clerk of the Court be directed to enter judgment consistent with this opinion and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 5, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy